IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



LOUIS GONZALEZ, a/k/a
CARLOS RAMOS SANCHEZ,
A209 413 252
      Plaintiff,

      v.

SHAWN R. GILLIS,
STANLEY CROCKETT,
CHIAD WOLF,
WILLIAM BARR,
      Defendants.

Case No. **5:20 cv 104 DCB-MTP**

## COMPLAIN UNDER THE CIVIL RIGHTS ACT
### TITLE 42 SECTION 1983 U.S. CODE, AND 42 U.S.C. § 1331

This is an action brought by Plaintiff seeking declaratory and injuntive relief, compensatory damages, and punitive damages against the named Defendants for violations of rights guaranteed under the Amendments to the United States Constitution and laws of the United States, and for personal injuries in violation of laws of the State of Mississippi.

### I. JURISDICTION AND VENUE

1.    This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1331, Fourteenth, and fifth Amendments to the United States Constitution.

2.    Jurisdiction lies over state law claims based on supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

3.    All the claims arose within the jurisdiction of this judicial district and involve Defendants who reside or operate within the jurisdiction boundaries. Venue is proper under 28 U.S.C. § 1391(b) and (c).

## II. PARTIES

4.     Plaintiff, Louis Gonzalez, a/k/a Carlos Ramos Sanchez is an adult male detained at Adams County Detention Center under the direction of DHS/ICE. At all times relevant to this lawsuit, Plaintiff was acting in a lawful manner.

5.     Defendant Warden of the Adams County Detention Center, Shawn R. Gillis, is the Adams County Detention Center's chief policy maker. The warden, Shawn R. Gillis, is being sued in his individual and official capacities. At all time relevant to this action, the warden was acting under the color of state law as the warden of the Adams County Detention Center. Respondent Shawn R. Gillis' office is located at Adams County Detention Center, 20 Hobo Fork Road, Natchez, MS 39120.

6.     Defendant Director of New Orleans Field Office for ICE with the Department of Homeland Security, Stanley Crockett, is responsible for administration of Immigration laws and execution of detention and removal determinations and is responsible for the draft of policies applicable to detainees at the Adams County Detention Center. The Field Office Director, Stanley Crockett, is being sued in his individual and official capacities. At all time relevant to this action, the named, was acting under the color of state law as the Director of New Orleans Field Office for ICE with the Department of Homeland Security. Respondent Stanley Crockett's office is located at 1250 Poydras Street, Suite 325, New Orleans, LA 70113.

7.     Defendant Secretary of Department of Homeland Security, Chad Wolf, is responsible for the administration of Immigration Laws. 8 U.S.C. 1103(a). He transacts business in the District of New Orleans/Mississippi and is legally responsible for Petitioner's detention at the Adams County Detention Center. The Secretary of Department of Homeland Security, Chad Wolf, is being sued in his individual and official capacities. At all time relevant to this action, the named, was acting under the color of state law as the acting Secretary of Department of Homeland Security.

Respondent Chad Wolf's address is United States Department of Homeland Security, 3801 Nebraska Avenue NW., Washington DC 20016.

8.    Defendant Attorney-General of the United States, William Barr, is responsible for the administration of Immigration laws as exercised by the Executive Office for Immigration Review ("EIOR"), pursuant to 8 U.S.C. 1103 (g). He transacts business in the District of New Orleans/Mississippi and is legally responsible for administering petitioner's removal and custody determination proceedings and the standards used in those proceedings, and as such, he is a legal custodian of Petitioner and responsible for Petitioner's detention at the Adams County Detention Center. The Attorney-General of the United States, William Barr, is being sued in his individual and official capacities.  At all time relevant to this action, the named, was acting under the color of state law as the Attorney-General of the United States. Respondent William Barr's office is located at the United States Department of Justice, 950 Pennsylvania Avenue NW, Washington DC 20530.

## III. STATEMENT OF FACTS

9.    Plaintiff is part of a group of people detained at Adams County Detention Center located at 20 Hobo Fork Road, Natchez Mississippi 39120, under DHS/ICE directions.

10.    Adams County Detention Center has a contract with DHS/ICE to house aliens as Plaintiff in deportation proceedings.

11.    Plaintiff and several other detainees are challenging their prolonged immigration detention, imposed by ICE, through habeas corpus petitions in this U.S. District Court for the Southern District of Mississippi Western Division.

12.    The Adams County Detention Center has installed in the law library computers the LexisNexis law program, which the Adams County Detention Center allow

detainees to use, in order that, detainees may prepare habeas corpus petitions and any other document to challenge their prolonged detention.

13. The LexisNexis program, as it was installed in the computers, contained federal cases from U.S. District Courts, and Circuit Courts of Appeal.

14. The federal cases from U.S. District Courts, and U.S. Circuit Courts of Appeal contain the relevant law information related to the habeas corpus petitions detainees are using to challenge the prolonged detention imposed by ICE.

15. On or about March 20, 2020, Adams County Detention Center's personnel changed the contain, of the LexisNexis law program, that has been installed in the law library computers.

16. The part of the LexisNexis law program containing federal and immigration cases from U.S. District Courts and Circuit Courts of appeals, was removed from the law library computers.

17. Such part that has been removed from the LexisNexis program, is vital for the detainees defense, as Plaintiff and other detainees have explained to ICE and the Adams County Detention Center Authorities.

18. The removal of such part of the LexisNexis program is hindering the ability of plaintiff and other detainees to search and prepare their cases of law in order to challenge effectively the prolonged detention they are suffering under ICE orders.

19. Several detainees complained to the Adams County Detention Center's Personnel, but, detainees were informed that ICE had ordered such change, in order to limit the kind of law information, and the cases of law detainees are allowed to know and use.

20. As is stated above, the part of the LexisNexis program, that contain cases from U.S. District Courts and Circuit Courts was removed and replaced with other kind of

information, that though useful, is not the kind of information detainees need in order to challenge their prolonged detention through habeas corpus petitions.

21. From weeks before, under direct orders of ICE, or the Adams County Detention Center itself, the computer system was being modified making it harder for the detainees to complete their legal work. Example:

22. (a)At some point, detainees were not able to print cases or information from the LexisNexis program, but such action was corrected after several complains.

23. (b)The mouse's right click, to copy and paste, was disabled permanently forcing detainees to type long paragraphs of law into their allegations, when it could have been easy for the detainees to copy and then paste such paragraphs.

24. At the present time, several requests had been sent to ICE personnel asking to re-install the part of LexisNexis program that Plaintiff and the detainees need, but up to this date, Defendants have refused to act upon such requests.

25. On March 24, 2020, plaintiff sent a letter/grievance to the DHS Inspector General Office, Office of Investigation, 245 Murray Drive, SW Building 410 / Mail Stop 2600, Washington DC 20528, requesting the intervention of the Inspector General in order to resolve the problem that the detainees and plaintiff are facing, (see Exhibit A), but up to this date, there has not been an answer.

26. On or about April 06, Plaintiff sent a letter/grievance to the warden of the detention center, Shawn R. Gillis, and to the Field Office Director, Stanley Crocket, (see Exhibit B), requesting that the detention center and/or ICE, re-install such part of the LexisNexis program that contain the cases of law that Plaintiff and other detainees need in order to do the legal work, and to not hamper Plaintiff's and other detainees' ability to present legal challenges to their prolonged detention.

27. All our requests have been futile, and ICE and the Adams County Detention Center official, have refused to act upon Plaintiff's and other detainees' requests.

## IV. CLAIMS FOR RELIEF

### COUNT 1. VIOLATION OF 42 U.S.C. § 1983, and 42 U.S.C. § 1331; FOURTEEN AMENDMENT RIGHT OF ACCESS TO THE COURTS

28. Plaintiff incorporates by reference Paragraphs 1 through 27 of this complain, as fully set forth here.

29. Defendants Warden, Director of New Orleans Field Office for ICE, Secretary of Department of Homeland Security, Attorney-General of the United States, have deliberately eliminated the part of the LexisNexis program that Plaintiff and other detainees need in order to prepare, effectively, their legal pleadings in court, intentionally hampering Plaintiff and other detainees ability to pursue relief from prolonged detention, and by doing so violated Plaintiff's constitutionally right of access to the courts.

### COUNT 2. VIOLATION OF 42 U.S.C. § 1985(2); CONSPIRACY TO INTERFERE WITH THE DUE PROCESS, RIGHT OF ACCESS TO THE COURTS

30. Plaintiff incorporates by reference Paragraphs 1 through 29 of this complain, as fully set forth here.

31. Defendants Warden, Director of New Orleans Field Office for ICE, Secretary of Department of Homeland Security, Attorney-General of the United States, have conspired to interfere with Plaintiff's due process right of access to the courts. (The removal of such part of the LexisNexis program is an interference with Plaintiff's Due Process to access to the courts that hamper the ability of Plaintiff and other detainees to search and prepare their cases of law to challenge the prolonged detention imposed by ICE).

## COUNT 3. VIOLATION OF 42 U.S.C. § 1985(3);
### CONSPIRACY TO DENY A EQUAL RIGHT UNDER THE LAW

32. Plaintiff incorporates by reference Paragraphs 1 through 31 of this complain, as fully set forth here.

33. Defendants Warden, Director of New Orleans Field Office for ICE, Secretary of Department of Homeland Security, Attorney-General of the United States, have conspired to deny the due process right of access to the courts to Plaintiff and a class of people Plaintiff represent, which are detained under prolonged detention by ICE, and are challenging their prolonged detention through habeas petitions, and in which class, plaintiff is included.

## COUNT 4. VIOLATION OF FIFTH AMENDMENT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff incorporates by reference Paragraphs 1 through 33 of this complain, as fully set forth here.

35. Defendants Warden, Director of New Orleans Field Office for ICE, Secretary of Department of Homeland Security, Attorney-General of the United States, intentionally, maliciously, and done for the purpose of causing Plaintiff, and others similarly situated people, to suffer mental anguish, and Defendants' conduct in refusing to act upon Plaintiff and other detainees' requests, was done with acknowledge that Plaintiff and others would suffer emotional distress, that has caused sores on one side of Plaintiff's face, rash on his back, and have worsened the pain on his lower back and legs provoking Plaintiff to fall and hurt himself, and has induce him to a depressive state, and it was done with a wanton and reckless disregard of the consequences to the plaintiff and any other similarly situated person.

## V. DAMAGES AND RELIEF

36.    As a result of all acts, conduct and omissions committed under the color of State law in the form of custom, policies, and practices, failure to train, audit, supervise, and discipline, and intentional acts maliciously, intentionally, and willfully committed against Plaintiff's person and the class he represent, Plaintiff has suffered harms, including but not limited to humiliation, pain, emotional distress, anger and frustration, economic loss, loss of liberty, and violations of his, and the class he represent, constitutional rights.

37.    On all Counts and Claims for relief, Plaintiff demand judgment in his favor and declaratory relief in the form of a declaration that the actions and conduct of all the defendants was in violation of 42 U.S.C. §1983; §1331; and §1985 as well as the Fourteenth and Fifth Amendment to the United States Constitution.

38.    On all Counts and Claims for relief, Plaintiff demand judgment in his favor and an injunctive relief in the form of immediately providing plaintiff and the class he represent, with the part of the LexisNexis program that was removed containing the United States District Courts cases, as the Circuit Court cases as well, and allow the mouse's right click bottom to copy and paste, and prevent the Defendants from removing or modifying the system without consulting plaintiff and/or the class of people he represent, for any removal or modification of the computer system that may hamper Plaintiff and the class he represent ability to present Pro-Se claims in courts.

39.    On all Counts and Claim for Relief, Plaintiffs demand judgment in their favor and to award damages, jointly and severally, in an amount not less than $150,000.00 or an amount that this Court deems proper.

40.    On all Counts and Claims for Relief, plaintiffs demand judgment in his favor, and to award punitive damages, against each defendant according to the findings of

the jury, due to the malicious, willful, oppressive, outrageous, and unjustifiable actions and conduct of all Defendants.

41. On all Counts and Claims for Relief, Plaintiffs demand judgment in his favor and reasonable attorney's fees and interest pursuant to 28 U.S.C. § 1920, 28 U.S.C. § 1961, 28 U.S.C. § 1988 et seq.

42. On all Counts and Claims for Relief, Plaintiffs demand judgment in his favor and any other relief the Court may deem appropriate and just, and otherwise in the interest of justice.

## VI. DEMAND FOR JURY TRIAL

43. On all facts and claims asserted, plaintiff demand a trial by jury.

04/08/2020

Dated: _____

## CERTIFICATION

By signing this Complain, I certify that the facts stated in this Complain are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 08th day of April, 2020.

Luis Gonzalez, a/k/a
Carlos Ramos Sanchez
A209-413-252
P.O. Box 1600
Washington, MS 39190