IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LOUIS GONZALEZ**
a.k.a. Carlos Ramos Sanchez                                                           **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO.: 5:20-cv-104-DCB-MTP**

**SHAWN R. GILLIS, et al.**                                                        **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having considered the record and applicable law, the undersigned recommends that this case be dismissed for failure to state a claim.

### BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an alien in the custody of U.S. Immigration and Customs Enforcement ("ICE") detained at Adams County Correctional Center ("ACCC"). *See* [1] at 3. Notably, Plaintiff has filed five suits in the Southern District of Mississippi within the last year, all complaining of various alleged deprivations of his

1

constitutional rights.[1] Plaintiff also previously filed a petition for writ of habeas corpus which was denied and is currently pending before the Fifth Circuit.[2]

On April 16, 2020, Plaintiff filed the instant Complaint [1] alleging that Defendants are interfering with his access to courts. *Id*. at 4. He alleges that "on or about March 20, 2020" ACCC personnel altered the LexisNexis program at the facility. *Id*. Plaintiff asserts that some case law information was removed and subsequent modifications of the computer systems in the facility have made it more difficult for Plaintiff to complete his legal work. *Id*. at 4-5. Particular changes alleged by Plaintiff include the removal of some case law, the "copy and paste" function being disabled, and that "[a]t some point, detainees were not able to print cases or information from the LexisNexis program, but such action was corrected after several complains [sic]." *Id*. at 5.

Plaintiff alleges that he sent letters to the Inspector General of the Department of Homeland Security as well as Defendant Gillis about his dissatisfaction with the current LexisNexis program but that "all requests have been futile." *Id*. Plaintiff also asserts that Defendants changed the LexisNexis program "for the purpose of causing Plaintiff…to suffer

---

[1] *Gonzalez v. Wingate et al*, 5:20-cv-125 SA-DAS (S.D. Miss. filed Apr. 30, 2020)(alleging deprivation of constitutional rights against 14 judges in the Southern District of Mississippi along with the clerk of court); *Gonzalez v. Gillis et al*, 5:20-cv-158-DCB-MTP (S.D. Miss. filed Jul. 29, 2020)(alleging that employees at ACCC are discriminating against him for being Hispanic by, among other things, not evenly distributing television remote controls and not giving him extra chicken); *Gonzalez v. Gillis et al*, 5:20-cv-186-TBM-MTP (S.D. Miss. filed Sep. 25, 2020)(alleging constitutional violations at ACCC due to the COVID-19 pandemic); *Gonzalez v. Gillis et al*, 5:21-cv-30-DCB-LGI (S.D. Miss. filed Mar. 16, 2021)(alleging violation of his constitutional rights by ACCC).

[2] *See Gonzalez v. Kolitwenzew et al*, 5:19-cv-108-DCB-MTP (decided Jun. 3, 2020 S.D. Miss.), appeal docketed, No. 20-60547 (5th Cir. Sep. 21, 2020).

mental anguish" and that he has various ailments as a result of this change to the law library at ACCC. *See* [1] at 7.

Plaintiff named all Defendants in their individual and official capacities including the Warden of ACCC Shawn R. Gillis, the former director of the New Orleans Field Office for ICE Stanley Crockett, the Secretary of the Department of Homeland Security Chad Wolf, and the Attorney General of the United States William Barr alleging that they are interfering with Plaintiff's right of access to courts. *See* [1] at 2-3. Defendants Crockett, Wolf, and Barr ("Government Defendants") are employees of the federal government. Defendant Gillis is an employee of ACCC, a privately owned facility owned by CoreCivic that contracts with ICE and DHS to house detainees.[3]

Plaintiff filed multiple motions in this action including a Motion for a Preliminary Injunction [3], Motion for Consolidation of Trial [4], Motion to Appoint Counsel [9], and a Motion to Expedite Consideration [12]. The Court reviewed the motions and found that the relief requested was not appropriate at this time. *See* Order [20]. Plaintiff also moved for the Court to appoint counsel. *See* [9]. The Court denied the Motion [9] holding that Plaintiff alleged claims that are regularly litigated by *pro se* parties and that he had already demonstrated his ability to present his claims and communicate with the Court in his numerous previous filings. *See* Order [21]. Plaintiff later filed a "Motion to Issue Stay of Removal" requesting that the Court prevent him from being removed while this action was pending. *See* [31]. The Court denied the request, finding that the Court does not have jurisdiction to stay Plaintiff's order of removal. *See* [34]; *see*

---

[3] *See* https://www.corecivic.com/facilities/adams-county-correctional-center (last visited May 4, 2021).

*also Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (affirming a district court's holding that it lacked jurisdiction to stay an order of removal issued by the Attorney General).

On November 2, 2020, the Government Defendants filed their Motion to Dismiss Plaintiff's Official Capacity Claims [16]. Defendants allege that the claims should be dismissed for lack of subject matter jurisdiction and failure to state a claim. *See* [17] at 5-6. Plaintiff responded asserting that he intended to file an amended complaint. *See* [22]. On November 30, 2020, Plaintiff filed a Motion to Amend his Complaint [23] arguing that he has stated no new cause of action against the Defendants and that justice is best served by allowing his amendment. Defendants Crockett, Wolf, and Barr responded stating that they did not object to Plaintiff's Motion. *See* [26].

On December 18, 2020, Plaintiff filed a "Motion for Process to Issue for Defendants" [27] alleging, for the first time, that two additional ACCC employees violated his constitutional rights by denying him access to the law library for approximately three hours on December 4, 2020. He claims that one employee refused to give him "enough" paper. *See* [27-1] at 1. Defendants did not respond to Plaintiff's Motion [27] and the time for doing so has since expired. The Court will consider the Motion [27] without a response from the Defendants.

On May 3, 2021, Plaintiff indicated that he has been transferred to a different facility. *See* Change of Address [35].

**PRELIMINARY SCREENING**

As Plaintiff was permitted to proceed in this action *in forma pauperis*, his Complaint [1] is subject to screening under 28 U.S.C. § 1915(e)(2).[4] 28 U.S.C. § 1915(e)(2) set the standard for

---

[4] The screening requirement applies whether the plaintiff is a prisoner or a non-prisoner. *Walters v. Scott*, 2014 WL 5575494 at *2 (S.D. Tex. Nov. 11, 2014) (citing *Newsome v. Equal Employment Opportunity Comm.* 301 F.3d 227, 231-33 (5th Cir. 2002)).

4

screening: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

"A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harbouth*, 55 F.3d 160, 162 (5th Cir. 1995). The court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). The courts must "winnow out the wheat from the unusual amount of chaff necessarily presented in a system which fosters pro se litigation." *Watson v. Ault*, 525 F.2d 886, 890 (5th Cir. 1976).

**ANALYSIS**

Requests for Injunctive Relief

In his Complaint [1], Plaintiff requests access to the LexisNexis program that was removed at ACCC, the "copy and paste" function to be reinstated at ACCC, and to be consulted before modifications are made to the LexisNexis program at ACCC in the future. *See* [1] at 8. On May 3, 2021, Plaintiff filed a notice with the Court that he was transferred to a detention center in Gadsden, Alabama. *See* [35]. The transfer of a prisoner from an allegedly offending institution generally renders his claims for injunctive relief moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *see also Stern v. Hinds Cty., Miss.*, 436 F. App'x 381, 382 (5th Cir. 2011) (applying the same logic to a pretrial detainee). In order for Plaintiff's claims for injunctive relief to remain viable, he must establish a "demonstrated probability" or a "reasonable expectation" that he will be transferred back to ACCC. *Id.*; *see also Herman v. Holiday*, 238 F.3d 660, 665

5

(5th Cir. 2001) (finding that "any suggestion of relief based on the possibility of transfer back ... is too speculative to warrant relief"). Nothing in the record suggests that Plaintiff may be transferred back to ACCC. Thus, Plaintiff's claims for injunctive relief should be dismissed as moot.

Plaintiff's § 1983 Claim

Because Plaintiff's claims for injunctive relief should be denied as moot as a result of his transfer, the only remaining claims are those for monetary damages. Plaintiff requests $150,000.00 as well as punitive damages and attorney's fees.

Plaintiff asserts that his claims arise under 42 U.S.C. § 1983. *See* [1] at 1. Section 1983 allows for a civil action to be brought against state actors for constitutional violations. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). The three Government Defendants are employees of the federal government, and Defendant Gillis is a warden at a private facility. With no state actors involved, Plaintiff's claims fail under 1983. However, a *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983 but allows plaintiffs to pursue claims, in limited instances, against federal actors. *Id*. The undersigned will, therefore, construe Plaintiff's claim as one under *Bivens*.

*Bivens* Claims

Plaintiff named the three Government Defendants in both their official and individual capacities. *See* [1] at 2-3. As an initial matter, "a *Bivens* action may be maintained against a defendant only in his or her individual capacity, and not in his or her official capacity." *Pollack v. Meese*, 737 F.Supp. 663, 666 (D.D.C. 1990); *see also Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004). Furthermore, "Government officials are entitled to qualified immunity with respect to discretionary functions performed in their official capacities." *Ziglar v.*

6

*Abbasi*, 137 S. Ct. 1843, 1866 (2017) (internal quotation marks omitted). Plaintiff cannot pursue a *Bivens* claim against the Government Defendants in their official capacities.

Defendant Gillis is an employee of ACCC, and Plaintiff named him in both his individual and official capacities. *See* [1] at 2. In his official capacity, Defendant Gillis is a representative of ACCC, and the Supreme Court has declined to extend *Bivens* to lawsuits against private entities acting under color of federal law. *See Corr. Sers. Corp. v. Malesko*, 534 U.S. 61, 63 (2001); *see also Marsaw v. Thompson*, 133 F. App'x 946, 948 (5th Cir. 2005) ("[T]here is no implied right of action, pursuant to *Bivens*, for damages against private entities… that engage in constitutional deprivations while acting under color of federal law."). Therefore, since Plaintiff cannot pursue a *Bivens* action against ACCC, his claims against Defendant Gillis in his official capacity should be dismissed.

Access to Courts Claim Under *Bivens*

While *Bivens* is the federal version a §1983 claim, it does not apply to all of the same activities. The U.S. Supreme Court has only recognized three implied remedies under the Constitution against federal actors: for violations of the prohibition against unreasonable search and seizures, to provide a damage remedy for gender discrimination by a Congressman against his employee, and for failure to provide adequate medical treatment under the Eighth Amendment's cruel and unusual punishment clause. *See Ziglar*, 137 S. Ct. at 1855 (2017). Expansion of the *Bivens* remedy is a "disfavored" judicial activity, and the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Id*. at 1857. The constitutional right of access to courts arises under the First Amendment, and neither the Supreme Court nor the Fifth Circuit have recognized a *Bivens* action for First Amendment

7

violations. *See Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010); *see also Iqbal*, 556 U.S. at 675 ("Indeed, we have declined to extend *Bivens* to a claim sounding in the First Amendment.").

However, the undersigned has considered the record and applicable law and finds that Plaintiff has failed to state a claim upon which relief may be granted. Thus, it is unnecessary for the Court to decide whether *Bivens* extends to First Amendment claims. The undersigned will assume, without deciding, that Plaintiff's First Amendment claims are actionable under *Bivens*. *See Iqbal*, 556 U.S. at 675.

Prisoners have a constitutional right of access to the courts which allows them to bring "contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). However, "the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). An inmate alleging denial of this right must show a "relevant, actual injury stemming from the defendant's unconstitutional conduct." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). That is, the inmate must "allege that his ability to pursue a nonfrivolous, arguable legal claim was hindered." *Id*. (internal quotation marks omitted). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Courts only provide relief to inmates "who have suffered, or will imminently suffer, actual harm…" *Lewis*, 518 U.S. at 349. While Plaintiff is not a prisoner, the Fifth Circuit applies the same constitutional standards for access to courts claims filed by alien detainees. *See Maringo v. Warden, Corr. Corp. of Am.*, (CCA), 283 F. App'x 205, 206 (5th Cir. 2008); *see also Ruiz v. El Paso Processing Ctr.*, 299 F. App'x 369, 371 (5th Cir. 2008).

Plaintiff has not alleged a nonfrivolous cause of action that has been lost as a result of the change in the LexisNexis program. With no relevant, actual injury described, Plaintiff's claim cannot proceed. Although it might be inconvenient for the Plaintiff to have to type his pleadings instead of using the "copy and paste" function, that inconvenience does not necessarily constitute an actual injury to support a claim for denial of access to courts. *See Stafford v. King*, No. 2:11CV242-KS-MTP, 2013 WL 3835774, at *3 (S.D. Miss. July 24, 2013) (holding that a plaintiff failed to show actual injury for denial of access to courts by having to handwrite his pleadings). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer*, 3 F.3d at 821. Clearly, based on his numerous pleadings with this Court, Plaintiff has not been denied that right.

<u>Conspiracy Claims</u>

Plaintiff also asserts that Defendants have "conspired to interfere with Plaintiff's due process right of access to the courts" in violation of 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3). [1] at 6. That, without more, does not state a claim for relief. In order for a plaintiff to recover under 42 U.S.C. § 1985, he must show a conspiracy by (1) "a nexus between the alleged conspiracy and a proceeding in federal court" or (2) "a racial or otherwise class-based discriminatory animus" "designed to deny or interfere with equal protection rights." *Bradt v. Smith*, 634 F.2d 769, 801 (5th Cir. 1981). As Plaintiff alleges no facts to support a claim for conspiracy under 1985(2) besides "mere conclusory statements," the undersigned recommends that his claim should be dismissed. *See Iqbal*, 556 U.S. at 678.

In order for a plaintiff to recover under 42 U.S.C. § 1985(3) he must show:

9

> (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United states. In so doing the plaintiff must show that the conspiracy was motivated by a class-based animus.

*Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). The Fifth Circuit requires that the conspirators under § 1985(3) be motivated by race. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002). Once again, Plaintiff provides no factual allegations to support his claims. He does not even mention his race in his Complaint [1]. Instead, Plaintiff argues that the intention of the conspiracy is "to deny the due process right of access to courts."[5] *See* [1] at 7. This does not meet the pleadings standards required under 42 U.S.C. § 1985(3); therefore, Plaintiff's claim should be dismissed.

<u>Intentional Infliction of Emotional Distress</u>

Plaintiff also asserts that Defendants committed the tort of intentional infliction of emotional distress. *See* [1] at 7. Plaintiff alleges that the reason that Defendants made a change to the LexisNexis system was so that "Plaintiff and others would suffer emotional distress[.]" *Id*. at 7. Plaintiff claims that because of the change to the LexisNexis program, he has experienced sores on the side of his face, a rash on his back, pain in his lower back and legs, and a depressive state. *Id*.

Intentional infliction of emotional distress is a state tort claim. *See Williams v. Gulfport School Dist.*, No. 1:14CV417-HSO-JCG, 2015 WL 4430922, at *2-3 (S.D. Miss. July 17, 2015) (discussing the elements for a party to successfully assert a claim of intentional infliction of emotional distress). In order to assert such a claim for in Mississippi, Plaintiff must show that:

---

[5] This allegation is contradicted by the Court record. As noted in *supra* note 1, Plaintiff has filed numerous pleadings and lawsuits in this Court.

"(1) the defendant acted willfully or wantonly towards the plaintiff by committing certain described actions; (2) the defendant's acts are ones which evoke outrage or revulsion in civilized society; (3) the acts were directed at or intended to cause harm to the plaintiff; (4) the plaintiff suffered severe emotional distress as a direct result of the defendant's acts; and (5) such resulting emotional distress was foreseeable from the intentional acts of the defendant." *Smith v. City of McComb, Mississippi*, No. 5:15-CV-55-DCB-MTP, 2017 WL 3687334, at *6 (S.D. Miss. Aug. 25, 2017) (citing *Rainer v. Wal-Mart Associates, Inc.*, 119 So. 3d 398, 403 (Miss. Ct. App. 2013). However, "[m]eeting the requisite elements for intentional infliction of emotional distress is a tall order in Mississippi." *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993).

The severity of the acts must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *White v. Walker*, 950 F.2d 972, 978 (5th Cir. 1991) (quoting Restatement (Second) of Torts § 46 cmt. D. (1965)). "[L]iability will not extend to insults, indignities, threats, annoyances, petty oppression, or other trivialities." *McRaney v. N. Am. Mission Bd. of S. Baptist Convention, Inc.*, 304 F. Supp. 3d 514, 524 (N.D. Miss. 2018). "[I]t is the nature of the act itself – as opposed to the seriousness of the consequences – which gives impetus to legal redress…." *Harris v. Maximus, Inc.*, 2020 WL 3980205, at *2 (S.D. Miss. July 14, 2020) (quoting *Bowden v. Young*, 120 So.3d 971, 976 (Miss. 2013)).

Plaintiff has not identified any facts that show that the Defendant's conduct is so outrageous as to go beyond all possible bounds of decency. Instead, Plaintiff has described changes that were made to a law library that he finds inconvenient. Furthermore, Plaintiff has not shown how the change to the law library program was directed at or intended to cause harm to

11

him specifically. Because Plaintiff cannot satisfy either of these elements to establish a claim for intentional infliction of emotional distress in Mississippi, Plaintiff's claim fails and should be dismissed.

Motion to Amend Complaint [23]

Though leave to amend should be freely given when justice so requires, a grant of leave in not automatic. Leave may be denied for valid reasons. *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987). For example, courts need not grant leave to file a futile amended complaint. *Avatat Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). An amendment is futile if the "amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co., Inc.*, 234 F.3d 863, 873 (5th Cir. 2000).

In his proposed amended complaint, Plaintiff attempts to add two "John Doe" defendants who he alleges are in charge of creating the policy that restricted the contents of the law library at ACCC as well as all law library facilities for detainees across the United States. *See* [23-1] at 2-4. He also asserts that "[d]etainees here do not have typing skills, and the time they are able to use the computers was limited due to the quantity of detainees, fighting their cases, at this house unit." *Id*. at 6.

However, none of Plaintiff's additional allegations show an actual injury experienced by Plaintiff or demonstrate that Plaintiff's ability to pursue a nonfrivolous, arguable legal claim has been impacted. *See Brewster*, 587 F.3d at 769. Therefore, the undersigned recommends denying Plaintiff's Motion to Amend [23] as futile.

Motion for Process to Issue for Defendants [27]

On December 18, 2020, Plaintiff filed a document titled "Motion for Process be Ordered to Issue for Defendants." *See* [27]. In this document for the first time, Plaintiff mentions a Unit Counselor Pernell and a "Sargent Unknown Howard" and alleges that they violated his constitutional right of access to courts. *See* Affidavit [27-1] at 3. Liberally construing Plaintiff's Motion [27] it appears to be another request to amend his complaint to add additional events that occurred in December of 2020.

Plaintiff alleges that on December 4, 2020, around noon, he was working in the law library when he asked for printer paper to finish printing a document. *See* [27-1] at 1. Plaintiff states that Pernell refused to provide him more paper even though his "documents were past due." *Id*. at 2.

In response to her refusal Plaintiff states:

> I begged, I slammed my papers on the table telling her that I was not going to leave until I were [sic] provided with such paper, I cried, I tried explaining to them that I was needing to sent [sic] those documents in that day, but all that was futile.

*Id*. Plaintiff asserts that Pernell called someone to take him to segregation. *Id*. He also claims that at some time after that she looked through a folder of Plaintiff's and said if she found blank paper he would "be in trouble." *Id*. Four hours after the first alleged incident, Plaintiff asserts that he requested to go back to the law library, but that a "Sargent Howard" made him wait until they were finished passing out food. *Id*. at 3.

As discussed in detail above, in order for Plaintiff to state an access to courts claim, he must show actual injury. *See Brewster,* 587 F.3d at 769. By Plaintiff's own account, he was permitted to go back to the law library just a few hours later. *See* [27-1] at 3. Plaintiff does not allege any lost nonfrivolous cause of action that occurred as a result of him not having access to the law library for four hours on one day. As Plaintiff has not stated a claim for relief, his Motion

[27] is futile. The undersigned recommends denying Plaintiff's "Motion for Process be Ordered to Issue for Defendants" [27].

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. This action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. The Motion to Dismiss [16] filed by Defendant William Barr, Stanley Crockett, and Chad Wolf be denied as moot;

3. The Motion to Dismiss Plaintiff's Individual Capacity Claims [18] filed by Chad Wolf be denied as moot;

4. The Motion to Amend Complaint [23] filed by Plaintiff be denied as futile;

5. The Motion for Process to Issue for Defendants [27] filed by Plaintiff be denied as futile;

6. If the above recommendations are adopted, a final judgment be entered dismissing the Complaint [1] with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 20th day of May, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE